FILED NOV 14 2018 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALBERT BONDOC, <br><br> Defendant. | Case No. 1:18-cv-052 (TSE/IDD) |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Default Judgment from Malibu Media, LLC against Albert Bondoc pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 33). After Defendant failed to appear at the hearing on August 17, 2018, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the memorandum thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be **DENIED**.

## I. INTRODUCTION

On January 12, 2018, Plaintiff filed this action under Sections 106 and 501 of the Copyright Act of the United States as amended, 17 U.S.C. §§ 106 and 501, alleging copyright infringement. (Compl. ¶ 32). Plaintiff alleges that Defendant willfully infringed on the copyrights for various films, in which Plaintiff has exclusive licensing rights. (Compl. ¶¶ 29-33). Defendant failed to submit responsive pleadings and did not appear at the August 17, 2018 hearing on Plaintiff's Motion for Default Judgment. (Dkt. No. 36). Plaintiff seeks a money judgment awarding maximum statutory damages, a permanent injunction, destruction of all

copyright materials, and costs in the amount of $640.00. (Dkt. No. 34 at 17).

### A. Jurisdiction and Venue

For a court to render default judgment over a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338 because this case arises under federal law, the Copyright Act. (Compl. ¶ 4). This Court has personal jurisdiction over Defendant because it is alleged that Defendant committed tortious acts in the Commonwealth of Virginia by utilizing an Internet Protocol ("IP") address based in Virginia, Defendant resides in the Commonwealth of Virginia, and Defendant engaged in substantial business activity within the Commonwealth of Virginia. (Compl. ¶ 5). Pursuant to 28 U.S.C. §§ 1391(b)-(c), 1400(a), venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and Defendant resides in this District. (Compl. ¶¶ 7). Therefore, the undersigned recommends a finding that jurisdiction and venue are proper with respect to the Defendant in this action.

### B. Service of Process

Federal Rule of Civil Procedure 4(e) governs service upon an individual and allows service by "delivering a copy of the summons and of the complaint to the individual personally," or "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. . . ." FED. R. CIV. P. 4(e). Plaintiff obtained Defendant's address by using Defendant's Internet Service Provider ("ISP") records. (Dkt. No. 33 ¶ 4). A private process server attempted to effectuate service upon Defendant his residence located at 7719 Saratoga Ridge Ct. Apt. 304, Springfield, VA 22153

("Saratoga Ridge Address") (Compl. ¶ 9; Dkt. No. 30 Ex. 2). After three attempts on different days, the private process server was unable to complete service. (Dkt. No. 30 Ex. 2).

Thereafter, using the Fairfax County Property Appraiser Records ("Appraiser Records"), Plaintiff located an alternate address for Defendant at 9505 Yawl Court, Burke, VA 22015 ("Yawl Court Address"). (Dkt. No. 33 ¶¶ 8-9). After three unsuccessful attempts of personal service at the Yawl Court Address, Plaintiff proceeded to substitute serve Defendant under the Virginia Code Annotated § 8.01-296(2)(b). VA. CODE ANN. § 8.01-296(2)(b) (2018); *see* FED. R. CIV. P. 4(e)(1) (providing an option to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ."). Pursuant to VA. CODE ANN. § 8.01-296(2)(b), the certified private process server posted a copy of the summons, notice, exhibits, and amended complaint on the front door of the Yawl Court Address. (Dkt. No. 28). Such documents were also mailed to Defendant at the Yawl Court Address. (*Id.*). As there is no evidence that the Yawl Court address is Defendant's residence, the undersigned recommends a finding that service was improper.

Service of process satisfies due process when it provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Amazon Web Servs. v. Global Equity Mgmt., S.A.*, 2017 U.S. Dist. LEXIS 148477, at *9 (E.D. Va. 2017) (citing to *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Plaintiff alleges that service was satisfied by substitute serving Defendant at the Yawl Court Address found on the Appraiser Records. (Dkt. No. 33 ¶¶ 8-9). However, the Complaint states that Defendant resides at the Saratoga Ridge Address. (Compl. ¶ 9). Plaintiff failed to allege or provide any details as to whether Defendant

resides at the Yawl Court address. The Appraiser Records merely indicate that Defendant owns the property. Ownership of property does not indicate that an individual resides at the property.

Further, in the absence of evidence proving Defendant resided either at the Saratoga Ridge Address or the Yawl Court Address, the Court cannot determine that Defendant was apprised of the pending suit and afforded an opportunity to be heard. The manner of service in this case did not satisfy due process. "[A]bsent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant." *Joe Hand Promotions, Inc. v. Citibars, Inc.*, 2012 U.S. Dist. LEXIS 18500, at *4 (E.D. Va. 2012) (quoting *Federal Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1135 (4th Cir. 1984)); *see Md. State Fireman's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."). Therefore, the undersigned recommends a finding of insufficient service of process and denial of Plaintiff's request for default judgment.

## II. RECOMMENDATION

The undersigned Magistrate Judge recommends denying entry of default judgment against Defendant for willful copyright infringement. Plaintiff did not properly serve Defendant according to Federal Rule of Civil Procedure 4(e) and Virginia Code Annotated § 8.01-296(2)(b).

## III. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to**

**this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

Albert Bondoc
7719 Saratoga Ridge Court
Apt. 304
Springfield, VA 22153

IDD /s/
Ivan D. Davis
United States Magistrate Judge

November 14, 2018
Alexandria, Virginia